# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **DON BUTLER; DAVID GLIDEWELL; NATIONAL RIFLE ASSOCIATION OF AMERICA,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**MERRICK GARLAND,** in his official capacity as Attorney General of the United States; **UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH,** in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **Civil Action No. 1:24-cv-975-CLM** |

## SUPPLEMENTAL BRIEF AND DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

I.  Plaintiffs have actual and imminent plans to engage in conduct proscribed by the Final Rule, and would do so but for the Final Rule...............................1

    A.  Plaintiffs' initial declarations demonstrate imminent harm...................1

    B.  Plaintiffs' supplemental declarations, though not necessary, further confirm standing to seek a preliminary injunction and irreparable harm absent immediate relief......................................8

II. Plaintiffs have standing to challenge any of the Final Rule's essential provisions, and Defendants have not shown that any is severable................11

III. An expedited schedule does not warrant declining to issue a preliminary injunction ...............................................................................11

CONCLUSION ...................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*,
  557 F.3d 1177 (11th Cir. 2009) .......................................................................3, 4

*Adarand Constructors, Inc. v. Pena*,
  515 U.S. 200 (1995)..............................................................................................3

*Ascendium Educ. Sols., Inc. v. Cardona*,
  78 F.4th 470 (D.C. Cir. 2023)..............................................................................11

*Atlantic Spec. Ins. Co. v. Digit Dirt Worx, Inc.*,
  793 F. App'x 896 (11th Cir. 2019) .......................................................................9

*Banks v. Sec'y, Dep't of Health & Human Servs.*,
  38 F.4th 86 (11th Cir. 2022) ................................................................................7

*Baughcum v. Jackson*,
  92 F.4th 1024 (11th Cir. 2024) .........................................................................4, 6

*Cabalceta v. Standard Fruit Co.*,
  883 F.2d 1553 (11th Cir. 1989) .........................................................................10

*Chamber of Commerce of U.S. v. EPA*,
  642 F.3d 192 (D.C. Cir. 2011)............................................................................10

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997) ...........................................................................9

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)..............................................................................................7

*Fla. State Conf. of NAACP v. Browning*,
  522 F.3d 1153 (11th Cir. 2008) ...........................................................................6

*Harrell v. The Florida Bar*,
  608 F.3d 1241 (11th Cir. 2010) ...........................................................................6

*Houston v. Marod Supermarkets, Inc.*,
  733 F.3d 1323 (11th Cir. 2013) ..........................................................2, 3, 5, 6, 7, 9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................. 1, 2, 6, 7

*Mozilla Corp. v. FCC*,
    940 F.3d 1 (D.C. Cir. 2019) ............................................................................ 11

*Nasdaq Stock Mkt. LLC v. SEC*,
    38 F.4th 1126 (D.C. Cir. 2022) ....................................................................... 11

*Ouachita Watch League v. Jacobs*,
    463 F.3d 1163 (11th Cir. 2006) ...................................................................... 10

*Parents Involved in Comm. Schs. v. Seattle Sch. Dist. No. 1*,
    551 U.S. 701 (2007) ......................................................................................... 3

*Paxton v. Dettelbach*,
    105 F.4th 708 (5th Cir. 2024) ....................................................................... 2, 8

*Seco v. NCL (Bahamas), Ltd.*,
    588 F. App'x 863 (11th Cir. 2014) ................................................................ 3, 4

*Speech First, Inc. v. Cartwright*,
    32 F.4th 1110 (11th Cir. 2022) ......................................................................... 4

*Stevens v. Premier Cruises, Inc.*,
    215 F.3d 1237 (11th Cir. 2000) ........................................................................ 3

*Thomas More Law Ctr. v. Obama*,
    651 F.3d 529 (6th Cir. 2011) .......................................................................... 10

*W.V. ex rel. Morrisey v. U.S. Dep't of Treasury*,
    59 F.4th 1124 (11th Cir. 2023) ......................................................................... 5

*Williams v. Reckitt Benckiser*,
    65 F.4th 1243 (11th Cir. 2023) ......................................................................... 7

# INTRODUCTION

Plaintiffs Don Butler, David Glidewell, and NRA respectfully submit this supplemental brief in support of their motion for preliminary injunction.

Plaintiffs' initial declarations (Docs. 8-1, 8-2) demonstrate standing through actual and imminent intentions and plans to engage in private transactions under Supreme Court and Eleventh Circuit precedent—and they do not offend any "some day intentions" doctrine. To allay any concern about standing—concern which should not exist—Plaintiffs also proffer supplemental declarations that provide further support that their intentions and plans are present, actual, and imminent. Consideration of those supplemental declarations is proper because Defendants can respond if they wish. Plaintiffs then address the Court's question about Plaintiffs' right to challenge any provision that would lead to the entire rule's invalidation—and, thus, redress of Plaintiffs' injuries. And finally, Plaintiffs present a proposed agreed schedule and explain why any expedited schedule does not impact Plaintiffs' need for swift, preliminary relief.

**I.   Plaintiffs have actual and imminent plans to engage in conduct proscribed by the Final Rule, and would do so but for the Final Rule.**

   **A.   Plaintiffs' initial declarations demonstrate imminent harm.**

The Supreme Court's admonition in *Lujan* against reliance on speculative and non-imminent "'some day' intentions" does not preclude Plaintiffs' standing or the issuance of a preliminary injunction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555,

1

564 (1992); *see also Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–41 (11th Cir. 2013) (discussing circuit precedent and *Lujan*). Plaintiffs have demonstrated intent and plans to engage in conduct that is concrete and imminent and thus sufficient to seek prospective relief under Supreme Court and Eleventh Circuit precedent.

Plaintiffs Butler's and Glidewell's initial declarations explained their past practices: they "occasionally buy, trade, and sell firearms through unlicensed private sales to enhance [their] personal collection[s]." (Doc. 8-1 ¶ 8; Doc. 8-2 ¶ 7). Each "presently own[s] a personal collection of firearms." (Doc. 8-1 ¶ 7; Doc. 8-2 ¶ 6). And each declared a present intent "to **continue** occasionally buying, selling, and trading [their] firearms for the purpose of enhancing [their] personal collection[s]," and each "would do so (**including in the near future**) but for [their] fear of administrative, civil, or even criminal enforcement." (Doc. 8-1 ¶ 15; Doc. 8-2 ¶ 15 (emphasis added)). Each has evidenced a present intent to immediately continue their protected conduct—including in the imminently near future—which demonstrates that they have suffered, are suffering, and will continue to suffer injuries-in-fact on account of the Final Rule. *See, e.g.*, *Paxton v. Dettelbach*, 105 F.4th 708, 714 (5th Cir. 2024) ("intent to engage in the proscribed conduct *immediately*" is sufficient). That is more than enough to satisfy standing obligations.

2

In the Eleventh Circuit, intended future conduct need only be "pegged to a sufficiently fixed period of time" to support standing—specifically, "reasonably fixed and specific in time and not too far off." *Houston*, 733 F.3d at 1339 (quoting *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1193–94 (11th Cir. 2009)). And under both Supreme Court and Eleventh Circuit precedent, an intent to engage in conduct in the "near future" satisfies any immediacy requirement.

The Supreme Court has held that *Lujan* requires a plaintiff to show only that he would engage in the relevant conduct "sometime in the relatively near future." *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 211 (1995) (finding sufficient at summary-judgment stage regular bidding on guardrail projects with intent to continue bidding). Similarly, the Supreme Court found "imminent injury" where school children "may be 'denied admission to the high schools of their choice when they apply for those schools in the future.'" *Parents Involved in Comm. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718 (2007). Binding Eleventh Circuit precedent confirms that conclusion. The Eleventh Circuit has held that an alleged intent to take another cruise ship aboard the defendant's ship "in the near future" was enough for standing to seek injunctive relief. *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239, 1242–43 (11th Cir. 2000); *see Houston*, 733 F.3d at 1335 (explaining that, "[i]n *Stevens*, this Court concluded that the plaintiff had standing to seek an injunction" based on the "near future" allegation); *Seco v. NCL*

3

*(Bahamas), Ltd.*, 588 F. App'x 863, 865–66 (11th Cir. 2014) (concluding that a defendant's imminence argument "is foreclosed by our decision in *Stevens*"). These precedents show that Plaintiffs' intent to "continue" engaging in conduct protected by statute but proscribed by the Final Rule, including "in the near future," is enough for standing at the preliminary-injunction stage. (Doc. 8-1 ¶ 15; Doc. 8-2 ¶ 15). *Stevens*' endorsement of "near future" allegations is enough for standing to seek a preliminary injunction, where "general factual allegations of injury" are sufficient. *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1119 (11th Cir. 2022). Plaintiffs Butler's and Glidewell's declarations evidence intent to engage in conduct in the near future that is "reasonably fixed and specific in time and not too far off." *ACLU of Fla.*, 557 F.3d at 1193–94.

Other Eleventh Circuit precedents confirm that Plaintiffs' intended conduct is enough for standing and immediate relief. In *Baughcum*, the court held that plaintiffs in a Second Amendment challenge "satisfied the injury-in-fact requirement" simply because "each alleged that they intended to carry weapons" but were ineligible for a carry license under Georgia law. *Baughcum v. Jackson*, 92 F.4th 1024, 1031–32 (11th Cir. 2024). Just like Plaintiffs here, it was enough that the *Baughcum* plaintiffs alleged "a present intention and desire to obtain the license mandated by Georgia law and to lawfully carry a handgun in public"; in fact, there was no allegation of a specific date or time period upon which the plaintiffs would apply. *See* Compl. ¶¶

4

18–20, ECF No. 12 at 16–17, No. 22-13444 (11th Cir.). Here as in *Baughcum*, Plaintiffs' demonstrated present intention to immediately continue occasionally engaging in private transactions—including in the near future—is assuredly enough. And in *Morrissey*, there was "no question" that the states had standing because they "intend **to continue** cutting taxes and modifying their overall revenue," *W.V. ex rel. Morrisey v. U.S. Dep't of Treasury*, 59 F.4th 1124, 1137 (11th Cir. 2023) (emphasis added), even though the only evidence of future plans was an Alabama senator's declaration that the State of Alabama needed to "authorize a State budget" and "wanted to pass [a budget] bill this year." Decl. of Senator Greg Albritton ¶ 8, ECF No. 28 at 91, No. 22-10168 (11th Cir.). If the states had standing in *Morrissey*—even though there was no discussion of a budget bill under consideration—then there should be "no question" that Plaintiffs' near-future plans "to continue" occasional private transactions are enough here.

Plaintiffs' initial declarations also "establish more than the plaintiff did in *Stevens* and satisfy *Lujan*." *Houston*, 733 F.3d at 1335 n.5. In *Houston*, the court found it plainly sufficient that the plaintiff "has traveled to Miami–Dade County on a regular basis in the past and expects to do so in the **near future**," coupled with allegations that "he drives right by the store on a regular basis, he entered the store on two prior occasions, and he would do so again if the store were ADA compliant." *Id.* at 1340 (emphasis added). Similarly here, Plaintiffs have occasionally bought,

5

sold, and traded firearms through private transactions; presently own firearms that they wish to sell or trade; and would do so "in the near future" if the Final Rule did not impose credible threats of enforcement. (Doc. 8-1 ¶¶ 7–8, 15; Doc. 8-2 ¶ 6–7, 15). There is no requirement that Plaintiffs identify a specific date. *Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1161 (11th Cir. 2008) (finding a sufficiently imminent injury in a voting rights case where the injury would occur "before the scheduled elections in November 2008"—*i.e.*, at some point over the 14-months between the complaint and the election); *Harrell v. The Florida Bar*, 608 F.3d 1241, 1260 n.7 (11th Cir. 2010) (finding a sufficient injury in a free speech case, though the plaintiff "failed to identify a date on which he proposed to run his desired advertisements," because the plaintiff's "intense professional dependence on advertising makes it very likely that he will attempt to run advertisements"); *cf. Baughcum*, 92 F.4th at 1031–32. Plaintiffs' plans to engage in private transactions in the near future, and at "the same frequency" as their past conduct, is more than enough. *Houston*, 733 F.3d at 1340.

*Lujan* and other cases finding a lack of standing are nothing like this case. For one, *Lujan* was decided at summary judgment, where the plaintiffs bear the more-demanding burden to show "specific facts." 504 U.S. at 561. For another, the evidence in *Lujan* (and other cases) was far more speculative or conditional. In *Lujan*, the injury was conditional on agency action actually "increas[ing] the rate of

6

extinction" for animals the plaintiffs hoped to see, *id.* at 562–63, and the plaintiffs failed to provide *any* details of a concrete plan to visit far-away countries (or confessed that no such plan existed), *id.* at 564–65. That is exactly the "highly attenuated chain of possibilities" the Supreme Court waved away in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). Here, Butler and Glidewell each have articulated specific plans to engage in private firearms transactions in the near future, with firearms they presently own, which is not conditional on the effect of any agency action, requires no aspirational and speculative travel to the other side of the world, and otherwise contains "the 'description of concrete plans' that the Supreme Court found missing in *Lujan*." *Houston*, 733 F.3d at 1340 (distinguishing *Lujan*). Nothing more is required.

Eleventh Circuit cases applying the "some day" principle also often included speculative contingencies absent here. *See, e.g.*, *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1255–56 (11th Cir. 2023) (observing that the plaintiffs' intention to buy the products at issue was conditioned upon the defendants "develop[ing] products that 'truly improve[] brain performance'" and noting that the complaint otherwise indicated that they "will not purchase the Neuriva Products again"); *Banks v. Sec'y, Dep't of Health & Human Servs.*, 38 F.4th 86, 95 (11th Cir. 2022) (injury dependent "several contingencies" including the plaintiff's "condition chang[ing]"). This case is nothing like *Lujan*, *Williams*, or *Banks* because Plaintiffs' injuries do

7

not depend on circumstances—like extinction, product development, or changing health conditions—that are not certain to occur. Instead, it involves specific behavior, executed with a concrete plan, that would certainly occur but for its being at least arguably proscribed by the Final Rule.

*Paxton v. Dettelbach* does not help Defendants, either. 105 F.4th 708 (5th Cir. 2024). Instead, it supports Plaintiffs. That case, like *Lujan*, was decided on standards applicable "at the summary-judgment stage." *Id.* at 713. Even still, the declarations in that case did not even allege any conduct proscribed by federal law. *Id.* And, most importantly, the *Dettelbach* declarations contained **no** information about the timing of their plans, *id.* at 712 (quoting the declarations), while Plaintiffs' initial declarations here established their plans to conduct private transactions in the near future. *Dettelbach* observed that "intent to engage in the proscribed conduct *immediately*" would have been enough, but the plaintiffs did not provide "any concrete details" about "*when* they will make" a silencer. *Id.* at 714. Plaintiffs demonstrated an intent to engage in the proscribed conduct immediately, so *Dettelbach* confirms standing exists to seek a preliminary injunction in this case.

**B.    Plaintiffs' supplemental declarations, though not necessary, further confirm standing to seek a preliminary injunction and irreparable harm absent immediate relief.**

Plaintiffs already have shown sufficiently imminent plans to engage in conduct proscribed by the Final Rule. But to allay any doubt (which should not even

8

exist) about the sufficiency of these facts under the standing precedents, Plaintiffs offer the attached supplemental declarations of Don Butler and David Glidewell. These supplemental declarations provide further "description of concrete plans," as well as specific **missed** and **upcoming** opportunities to engage in their intended protected conduct, that satisfy *Lujan* and any Eleventh Circuit immediacy requirements under any level of scrutiny. *Houston*, 733 F.3d at 1340 (distinguishing *Lujan*). Although the Court stated at the hearing that it would decide the motion based on declarations and briefs already submitted, consideration of Plaintiffs' supplemental declarations fits within this Court's "broad discretion in deciding how best to manage" this case, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), and is proper here—especially if the Court gives Defendants an opportunity to respond.

There is no question that this Court can consider supplemental evidence if it gives the Defendants an opportunity to respond if they wish. *See Atlantic Spec. Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901 (11th Cir. 2019) (discussing evidence submitted with reply brief at summary judgment). Nor do summary-judgment-stage concerns about the need for an opportunity to respond even exist at this preliminary-injunction stage, because Defendants will have plenty chance to respond during these district court proceedings. Courts regularly consider supplemental evidence **after final judgment and on appeal** where that evidence

resolved a standing issue and is "in the interests of justice and efficiency." *See, e.g.*, *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006) (supplementing record with new declarations that "resolve[d] the standing issue and illuminate[d] the mootness issue" during lengthy litigation); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) (supplementing the record when "necessary for a final disposition of [the] issue" of "the existence of subject matter jurisdiction"); *Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering association's member declarations submitted on appeal); *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011) ("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury"). Consideration of Plaintiffs' supplemental declarations would resolve any doubt that Plaintiffs have standing to seek a preliminary injunction and are suffering irreparable harm in the absence of immediate relief—regardless of whether the Court issues an expedited briefing schedule on summary judgment. And Defendants suffer no prejudice through consideration of the supplemental declarations: those declarations merely elaborate that Plaintiffs' intentions are present, immediate, and proscribed by the Final Rule, which should allay any concerns Defendants or the Court may have.

## II. Plaintiffs have standing to challenge any of the Final Rule's essential provisions, and Defendants have not shown that any is severable.

The Court asked Defendants to address Plaintiffs' argument that any of the Final Rule's "essential components" can be attacked because Plaintiffs were injured by the rule's "promulgation." *See* Doc. 12 at 5 (discussing *Mozilla Corp. v. FCC*, 940 F.3d 1, 46–47 (D.C. Cir. 2019)). The D.C. Circuit recently reiterated this principle: if a plaintiff is injured by promulgation of a rule, then it can "bring any claims that could lead to the Rule's vacatur" because that would redress the plaintiff's injury. *Ascendium Educ. Sols., Inc. v. Cardona*, 78 F.4th 470, 478 (D.C. Cir. 2023). That is all the more true with respect to injunctive relief here, because Defendants failed to show that **any** provision is severable. (*See* Doc. 12 at 27–28). A severability clause by itself cannot save provisions of a statute that cannot "function absent the invalid portion" of the statute. *Nasdaq Stock Mkt. LLC v. SEC*, 38 F.4th 1126, 1145 (D.C. Cir. 2022). Because a decision that **any** of the Final Rule's provisions is unlawful would require enjoining the entire Final Rule, Plaintiffs can challenge any provision that will lead to an injunction that remedies their injuries, and the Court must strike down the Final Rule in its entirety.

## III. An expedited schedule does not warrant declining to issue a preliminary injunction.

The Court lastly asked the parties to proffer a schedule for the remainder of this case. Plaintiffs and Defendants have agreed on the following schedule:

11

1. Depending on how the Court rules on Plaintiffs' Motion for Preliminary Injunction, Defendants will either file a **motion to dismiss** under Rule 12(b) or an **answer** within 14 days of the Court's order ruling on Plaintiffs' motion.

2. Defendants anticipate that they can lodge the administrative record at the same time as filing their answer, if any. Defendants' position is that the administrative record should not be lodged if they instead move to dismiss under Rule 12(b). Plaintiffs take no position on the timing of lodging the record. But Plaintiffs also believe that the potential contingencies concerning immediate next steps in this case demonstrate why a preliminary injunction is necessary. Defendants' responsive position is that the anticipated next steps in this case have no bearing on whether Plaintiffs have presently met their burden of clearly showing that they are entitled to the extraordinary preliminary relief they seek.

3. The parties agree that this Court can reach a decision on the merits and enter final judgment through dispositive-motion practice. The parties agree to the following dispositive-motions schedule, with flexibility to account for the Court's preferences and upcoming holidays:

   A. Plaintiffs' motion for summary judgment to be filed three to four weeks after the administrative record is lodged.

   B. Defendants' opposition and cross-motion to be filed three to four weeks after Plaintiffs' motion.

   C. Plaintiffs' opposition and reply to be filed one to two weeks after Defendants' opposition and cross-motion.

   D. Defendants' reply to be filed one to two weeks after Plaintiffs' opposition and reply.

Although this expedited schedule is feasible, the Court should still issue a preliminary injunction because a final resolution at best is still many months away. Plaintiffs have suffered, are presently suffering, and will continue to suffer irreparable injuries on account of the Final Rule, and only swift and immediate

12

injunctive relief on this motion could remedy those injuries. If anything, Plaintiffs' agreement to litigate summary judgment on an expedited schedule shows that those harms are in fact immediate and irreparable. The Court should not consider that expedited schedule a reason to deny preliminary injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for preliminary injunction and issue an injunction barring Defendants from enforcing the Final Rule against Don Butler, David Glidewell, and NRA's members.

Dated: October 11, 2024 Respectfully submitted,

/s/ *James W. Porter, III*
James W. Porter, III
W. Chadwick Lamar, Jr.
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N.
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jporter@bradley.com
clamar@bradley.com

John Parker Sweeney (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
Facsimile: (202) 347-1684
jsweeney@bradley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 11, 2024, the foregoing was served via electronic delivery to Defendants' counsel through the CM/ECF system, which will forward copies to all counsel of record.

*/s/ James W. Porter, III*
*Counsel for Plaintiffs*
