**Chadwick Lamar**
clamar@bradley.com
205.521.8533 direct



July 8, 2025

<u>**Via CM/ECF**</u>
Mr. Greer M. Lynch, Clerk of Court
United States District Court for the Northern District of Alabama

      RE:    Notice of Supplemental Authority, *Butler v. Bondi*, No. 1:24-cv-975-CLM

Dear Mr. Lynch,

I write concerning the Supreme Court's decision in *Trump v. CASA, Inc.*, No. 24A884 (U.S. June 27, 2025) (Slip Op. attached as **Exhibit A**). The Supreme Court granted the federal government's applications to partially stay "universal" injunctions that barred the government from enforcing the Executive Order specifying persons not recognized as American citizens because, the Court explained, "'universal injunctions' . . . likely exceed the equitable authority that Congress has granted to federal courts." (Slip Op. at 1–2). *CASA* does not impact any issue before this Court.

Universal injunctions "prohibit enforcement of a law or policy against *anyone*." (Slip Op. at 1). Plaintiffs here do not seek such relief—we have made that clear. (Doc. 31 at 42 ("Plaintiffs do not seek a universal (everyone) nationwide (everywhere) injunction.")). Plaintiffs instead seek a permanent injunction that covers only the individual plaintiffs and NRA's members, irrespective of their physical location. (*Id.*). Eleventh Circuit precedent authorizes such relief. *Georgia v. President*, 46 F.4th 1283, 1303, 1307–08 (11th Cir. 2022) (authorizing injunctive relief for the plaintiff's "members" without regard to "geographic territories"). Individual and membership-wide relief is warranted here for the reasons Plaintiffs have explained, (Doc. 31 at 41–43), and *CASA* does not suggest otherwise.

The Supreme Court's decision in *CASA* did not address injunctions protecting an organizational plaintiff's members. But it follows from the Court's analysis that such relief is consistent with longstanding historical tradition established by bills of peace. Although the government "challenge[d] the District Courts' authority to grant relief to the organizations' members who are not identified in the complaints," the Court expressly "d[id] not address th[ose] arguments." (Slip Op. at 2 n.2). And for good reason: nothing in *CASA* suggests that this Court lacks authority to issue relief that applies beyond its geographic footprint. Rather, the Supreme Court *did* acknowledge "that the complete-relief principle has deep roots in equity." (*Id.* at 15). And it is on *that* ground that the Eleventh Circuit has authorized membership-wide injunctions without geographic limitation. *Georgia*, 46 F.4th at 1307.

This Court should enter summary judgment in Plaintiffs' favor and enter relief that protects the individual Plaintiffs and NRA's members from ATF's regulation unlawfully redefining those considered "engaged in the business" as a dealer in firearms.

Bradley Arant Boult Cummings LLP | One Federal Place | 1819 Fifth Avenue North | Birmingham, AL 35203-2119 | 205.521.8000 | bradley.com

July 8, 2025
Page 2
_____

                                                  Respectfully submitted,

                                                  */s/ Chadwick Lamar*

                                                  Chadwick Lamar
                                                  Counsel for Plaintiffs

cc: All counsel of record (via CM/ECF)