## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**DON BUTLER, et al.,**
    Plaintiffs,

**v.**

**PAMELA BONDI,** *in her official capacity as Attorney General of the United States*, **et al.,**
    Defendants.

**Case No. 1:24-cv-975-CLM**

## ORDER

For the reasons stated in the accompanying memorandum opinion, the court **GRANTS** Plaintiffs' motion for summary judgment (doc. 21) on Count 1 and **DENIES** Defendants' motion (doc. 23) as to that count. The court **DENIES WITHOUT PREJUDICE** the parties' motions for summary judgment on all other counts.

The court **ENTERS JUDGMENT** for Plaintiffs and against Defendants on Count 1 as follows:

1. *Declaratory Relief*: The court **DECLARES** that the following "Engaged in the Business" Final Rule provisions exceeded ATF's statutory authority:

- 27 C.F.R. § 478.13(b), which says that no minimum threshold number of firearms or transactions is required to be "engaged in the business as a dealer in firearms";

- 27 C.F.R. § 478.13(d)(1), which defines "predominantly earn a profit" to mean that even persons not selling firearms for criminal purposes or terrorism "may have the intent to profit" if they do "not actually obtain the intended pecuniary gain from the sale or disposition of firearms";

- 27 C.F.R. § 478.11's definition of personal collection, which excludes firearms accumulated primarily for personal protection from the definition of personal collection;

- 27 C.F.R. § 478.13(c)(1), which presumes that a person is engaged in the business as a dealer if he "[r]esells or offers for resale firearms, and also represents to potential buyers or otherwise demonstrates a willingness and ability to purchase and resell additional firearms (*i.e.*, to be a source of additional firearms for resale)";

- 27 C.F.R. § 478.13(d)(2)(i), which presumes that someone "has the intent to predominantly earn a profit" if he "[r]epetitively or continuously advertises, markets, or otherwise promotes a firearms business . . . regardless of whether the person incurs expenses or only promotes the business informally."

2. *Injunctive relief*: The court **PERMANENTLY ENJOINS** the Department of Justice, ATF, Acting ATF Director Daniel Driscoll, and Attorney General Pamela Bondi from enforcing these aspects of the "Engaged in the Business" Final Rule against Plaintiffs Don Butler, David Glidewell, and any member of the NRA:

- 27 C.F.R. § 478.13(b), which says that no minimum threshold number of firearms or transactions is required to be "engaged in the business as a dealer in firearms";

- 27 C.F.R. § 478.13(d)(1), which defines "predominantly earn a profit" to mean that even persons not selling firearms for criminal purposes or terrorism "may have the intent to profit" if they do "not actually obtain the intended pecuniary gain from the sale or disposition of firearms";

- 27 C.F.R. § 478.11's definition of personal collection, which excludes firearms accumulated primarily for personal protection from the definition of personal collection;

- 27 C.F.R. § 478.13(c)(1), which presumes that a person is engaged in the business as a dealer if he "[r]esells or offers for resale firearms, and also represents to potential buyers or otherwise demonstrates a willingness and ability to purchase and resell additional firearms (*i.e.*, to be a source of additional firearms for resale)";

- 27 C.F.R. § 478.13(d)(2)(i), which presumes that someone "has the intent to predominantly earn a profit" if he "[r]epetitively or continuously advertises, markets, or otherwise promotes a firearms business . . . regardless of whether the person incurs expenses or only promotes the business informally."

—

The court **SETS** a telephone status conference for **October 14, 2025, at 10:30 AM Central**. Counsel should call (205) 931-0422 and enter phone conference ID 515 437 709# to participate in the call.

**Done** and **Ordered** on September 30, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

3